IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2017 SEP 21  AM 11: 23

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

LEROY SCRIVNER,                          *

    Petitioner,                          *

                                    Civ. Action No. RDB-16-1841

v.                                       *   Crim. Action No. RDB-09-077

UNITED STATES OF AMERICA,                *

    Respondent.                          *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## MEMORANDUM OPINION

On July 30, 2009, Petitioner Leroy Scrivner ("Petitioner" or "Scrivner") pled guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 25.) During Petitioner's sentencing hearing, this Court found that Petitioner's prior convictions for second degree assault and resisting arrest (arising from the same incident and sentenced together) qualified as "crimes of violence" under United States Sentencing Guideline (U.S.S.G.) § 4B1.2.(a). As a result, Petitioner was deemed a career offender and under U.S.S.G § 2K2.1(a)(2) his sentencing offense level increased by four. Petitioner was then sentenced to a term of one-hundred and twenty (120) months imprisonment.

Six years later, the Supreme Court in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) as unconstitutionally vague. The Office of the Federal Public Defender (OFPD) then filed a motion on behalf of Petitioner under 28 U.S.C. § 2255, arguing that because the "Career Offender" provision in the Sentencing Guidelines includes

1

the identical residual clause as that struck down in *Johnson*, it is also void for vagueness. (ECF No. 60.)

In 2017, however, the Supreme Court held in *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886 (2017) that the advisory guidelines were not subject to *Johnson* challenges. Subsequent to that decision, the OFPD informed Petitioner that in light of *Beckles* it would no longer be able to represent him. On September 18, 2017, the OFPD filed a Motion to Withdraw as Counsel (ECF No. 62), which this Court granted. (ECF No. 63.)

Petitioner has since been released from custody.[1] However, still pending before this Court is Petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255. (ECF No. 60.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated herein, Petitioner Leroy Scrivner's Motion to Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 60) is DENIED.

## ANALYSIS

Petitioner's only claim is that under *Johnson*, the residual clause that this Court applied while sentencing Petitioner is void for vagueness. Therefore, this Court must determine whether Petitioner's prior convictions qualify as crimes of violence under the remaining "enumerated offenses" clause or "force" clause of U.S.S.G § 4B1.2(a).

As the OFPD stated in its Motion to Withdraw as Counsel, however, in light of *Beckles* this argument is without merit. As the *Beckles* Court stated, "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s

---

[1] Although Petitioner is no longer incarcerated, his Section 2255 Motion to Correct Sentence is still ripe for adjudication because he remains on supervised release. The United States Court of Appeals for the Fourth Circuit has made clear in *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) that "[a] prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion" (citing *Maleng v. Cook*, 490 U.S. 488, 491 (1989)).

residual clause is not void for vagueness." 137 S. Ct. at 897. For this reason, Petitioner's pending Motion to Vacate (ECF No. 60) is DENIED.

## CONCLUSION

For the reason stated above, Petitioner Leroy Scrivner's Motion to Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 60) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Scrivner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated:        September 20, 2017

_____

Richard D. Bennett

United States District Judge

3